UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ESTATE OF KYLE R. GADWAY, ET AL., :
                                   :
     Plaintiffs,                   :
                                   :
V.                                 :  CASE NO. 3:05-CV-935(RNC)
                                   :
CITY OF NORWICH, ET AL.,           :
                                   :
     Defendants.                   :

RULING AND ORDER

Plaintiffs brought this action in state court against the City of Norwich and members of the Norwich Police Department alleging violations of their rights under state and federal law arising from the manner in which police officers dealt with them in the hours following a fatal car accident that claimed the life of a member of their family.[1] The defendants removed the case to this Court based on the federal claims and now move for summary judgment on all the claims. The motion for summary judgment is granted as to the federal claims, which are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims, which are remanded to state court.

I. Legal Standard

Summary judgment may be granted when there is no "genuine

---

[1] Plaintiffs are Cheryl Gadway, individually, on behalf of the estate of Kyle R. Gadway, Jr., and on behalf of minor children Amanda Gadway and April Gadway; and Kyle R. Gadway, Sr. Defendants are the City of Norwich, the Norwich Chief of Police, Deputy Chief of Police, and four police officers.

1

issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

II. Factual Background

The evidence in the record, viewed most favorably to the plaintiffs, would permit a reasonable jury to find the following facts. On October 23, 2003, at about 11:00 p.m., fifteen-year old Kyle Gadway, Jr. was a front seat passenger in a car driven by his friend, Jonathon Pirie, when the car left the road and crashed. Norwich police responded to the scene. They were able to remove Jonathon from the car but Kyle's body was trapped in the wreckage. The nature and extent of Kyle's injuries, which were visible from outside the car, made it apparent that he had been killed instantly. He was pronounced dead at the scene at 11:15 p.m.

At about midnight, Jonathon's sister called Kyle's mother, plaintiff Cheryl Gadway. She said that Jonathon had been in a terrible car accident and Kyle might have been in the car. At about 12:20 a.m., Kyle's father, plaintiff Kyle Gadway, Sr., called the Norwich police and asked whether Kyle had been involved in an accident. The police had reason to believe that

2

Kyle was the victim of the fatal accident. They were not sure of this, however, because his body remained trapped in the car and they had yet to search his clothing for personal identification.

At 1:50 a.m., a police officer went to the plaintiffs' house to obtain a photograph of Kyle. Though the officer had been to the accident scene, and knew of the fatality, he falsely told Kyle's parents that he had no information about the accident. He also told them that the police were treating Kyle's absence as a missing person's case, and assured them that Kyle would be found and brought home. These statements gave the plaintiffs false hope that their son was not involved in the accident.

The police subsequently issued a statement to the media concerning the car accident. The statement disclosed that a passenger in the car had been killed without revealing any information about the passenger.

At about 2:30 a.m., firefighters extracted Kyle's body from the car. In his back pocket, they found his school identification card. Comparing his photo on the card with the one obtained from his parents, the police identified him as the victim.[2] They then went to the plaintiffs' house unaccompanied by a chaplain or counselor and notified them of Kyle's death.

Some months later, Mr. and Mrs. Gadway met with police officials. They stated that the way the police dealt with them

---

[2] Because of the victim's disfigurement, defendants could not make a positive identification based on a photograph alone.

the night of Kyle's death made his death even more traumatic and caused them anger and anguish.  There is no evidence that the police had received a complaint of this nature before.

III.  Discussion

The only federal claims in the complaint are claims against the City under 42 U.S.C. § 1983, which provides a cause of action against persons acting under color of state law who deprive another of a right secured by federal law.  The first step in analyzing the sufficiency of these claims requires the Court to identify the federal right at issue.

The complaint alleges that the City "created an official policy and custom of arbitrarily and recklessly reporting fatal automobile accidents to the next-of-kin of the deceased" (Second Amended Complaint, at 32, ¶ 18), in violation of due process (id., at 32, ¶ 17).  Plaintiffs' memorandum in opposition to the motion for summary judgment clarifies that "[t]he Plaintiffs' claims are grounded in the substantive component of the Due Process Clause of the Fourteenth Amendment in that the Plaintiffs assert a liberty interest in freedom from unjustified intrusions on personal security."  Pls.' Mem. Of Law at 27.  The memorandum also clarifies that the claims against the City are based on the following: a Norwich Police Department policy requiring officers to obtain authorization from the Office of the Chief Medical Examiner before moving a body at an accident scene, even when the

cause of the accident is obvious, see id.; a lack of policies or procedures to guide police officers with regard to providing notice of a fatality to the family of the deceased, see id.; and a Police Department policy permitting officers to inform the media of a fatality before next-of-kin are notified as long as the name of the deceased is not disclosed, see id.

Plaintiffs cite no case that recognizes a due process right to be free from the governmental conduct alleged here. Assuming, however, that the substantive component of the Due Process Clause of the Fourteenth Amendment offers some protection to next-of-kin regarding the manner in which state officials notify them of a fatality, any such protection applies only to harmful conduct by state officials that is so egregious or outrageous as to shock the conscience. See Lombardi v. Whitman, 485 F.3d 73, 78-79 (2d Cir. 2007). The conduct at issue here, even when viewed most favorably to the plaintiffs' claims, falls well below the level of conscience-shocking.

Governmental action "shocks the conscience" when it exhibits "deliberate indifference" to harm. Id. at 82. No such conduct is disclosed by the record in this case. The police refrained from telling the plaintiffs that they had reason to believe Kyle had been the victim of a fatal accident until they were reasonably sure that Kyle was the person whose body was trapped in the car. This is not conscience-shocking. To expedite the process of identifying the victim, the police undertook to obtain

5

a photograph of Kyle from the plaintiffs while pretending that their request for a photograph had nothing to do with the accident. Plaintiffs contend that the police should have been honest with them in order to avoid giving them false hope. Assuming a reasonable jury would agree with the plaintiffs on this point, the innocent deception used by the police cannot be condemned as conscience-shocking because, objectively viewed, it reflects an effort to avoid harm, rather than deliberate indifference to harm. Once the police were able to positively identify the victim, they undertook to promptly inform the plaintiffs. They could have put off this painful duty until a chaplain or counselor was available to accompany them to the plaintiffs' house, but it was the middle of the night, and their decision to proceed without further delay is not conscience-shocking. This leaves only the statement to the media. Objectively viewed, this statement served the legitimate purpose of informing the public that a fatal collision had occurred. As such, it cannot be condemned as conscience-shocking.

IV. Conclusion

Accordingly, the motion for summary judgment [doc. #59] is hereby granted on the claims against the City under 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are remanded to state court. Judgment will enter accordingly.

It is so ordered.

Dated at Hartford, Connecticut, September 29, 2007.

                          _____/s/_____
                                  Robert N. Chatigny
                              United States District Judge